UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
IRIS L. CARTER                          :
                                        :
                                        :
         Plaintiff,                     :           Civil Action No. 09-06124 (JAP)
                                        :
              v.                        :           **OPINION**
                                        :
NADEZHDA ROBINSON, et al.,              :
                                        :
         Defendants.                    :
_____:

PISANO, District Judge.

This is an employment discrimination action brought by *pro se* plaintiff Iris Carter

("Plaintiff") pursuant Title VII of the Civil Rights Act of 1964.  Presently before the Court is a

motion by Plaintiff for summary judgment.  Nadezhda Robinson, Brian Hancock, Joanne

Patalano, Lemonte Sanders and the State of New Jersey (collectively, "Defendants") oppose the

motion.  For the reasons set forth herein, Plaintiff's motion for summary judgment is denied

without prejudice and Plaintiff is ordered to file a more definite pleading consisting of separately

numbered paragraphs within 14 days.

Plaintiff filed the complaint in this matter against Defendants on December 2, 2009 (Dkt.

#1).  On January 8, 2010 and on January 20, 2010, upon Plaintiff's request, the clerk's office

entered default against Defendants for failure to plead.  On January 21, 2010, Defendants filed a

motion to set aside entry of default and a motion for extension of time to file a response (Dkt.

#7).  Plaintiff filed opposition papers to Defendants' motions on January 25, 2010 (Dkt. #8) and,

on February 16, 2010, filed a motion for sanctions (Dkt. #13).   On March 5, 2010, the Court

granted Defendants' motion to set aside entry of default and motion for extension of time to file

a response and denied Plaintiff's motion for sanctions (Dkt. #15).   The Court found "no neglect on part of any of the Defendants for failing to answer or otherwise respond within the specified time" and "that the interests of fairness and justice require that the Defendants be given the opportunity to answer, move or otherwise reply to Plaintiff's Complaint" and "that Plaintiff's Motion for Sanctions is also moot".   On March 5, 2010, Defendants filed a motion for more definite statement arguing that "due to lack of separately numbered paragraphs, Defendants are unable to reasonably respond to Plaintiff's complaint" (Dkt. #16).   On March 31, 2010, Plaintiff filed a motion for reconsideration of the order granting Defendants' motions to set aside entry of default and for extension of time to file a response (Dkt. #17)[1].   The Court granted Defendants' motion for a more definite statement on April 5, 2010 (Dkt. #18).   On May 3, 2010, the Court denied Plaintiff's March 31, 2010 and April 8, 2010 motions for reconsideration finding that "Plaintiff has not satisfied the requirements of L. Civ. R. 7.1(g) as she failed to show any factual circumstances or point of law that the Court overlooked" when granting the Defendants' motions (Dkt. #22).   Plaintiff then filed an additional motion for "reconsideration to reinstate default and sign default judgment and order" (Dkt. #23), which the Court construed as an appeal of the Court's May 3, 2010 Order.   The Court subsequently denied the appeal finding that "Magistrate Judge Douglas E. Arpert's May 3, 2010 Order denying Plaintiff's Motion for Reconsideration is not clearly erroneous or contrary to law" (Dkt. #24).   The Court concluded that Magistrate Judge Arpert followed the Federal Rules of Civil Procedure in vacating the Clerk's entry of default and in granting the motion for a more definite statement.   Further, the Court found that Plaintiff

---

[1] Plaintiff also filed opposition papers to Defendants' motion for more definite statement on this date, but such papers were not entered on the docket until the Court received Plaintiff's letter of April 8, 2010 bringing this issue to the attention of the Court (Dkt. #19).   The Court ordered that these opposition papers be filed on the docket as of March 31, 2010 and construed Plaintiff's letter of April 8, 2010 as a motion for reconsideration of the Court's order granting the Defendants' motion for more definite statement (Dkt. #20).

failed to "point to any clear error of law or that such orders cased any manifest injustice to deem it necessary for Judge Arpert to reconsider such orders."

According to the Federal Rules of Civil Procedure, Plaintiff was required to provide a more definite pleading consisting of separately numbered paragraphs within 14 days after notice of the Court's April 5, 2010 Order.  Fed.R.Civ.P.12(e).  Because Plaintiff has not complied with this Order, the Court is entitled to strike the pleading for failure to provide a more definite statement.  Fed.R.Civ.P.12(e).

For the reasons above, Court finds that Plaintiff's motion for summary judgment should be denied without prejudice and Plaintiff is ordered to file a more definite pleading within 14 days of receipt of the Order accompanying this Opinion.  If Plaintiff does not comply with such Order within the specified time frame, the Court will dismiss Plaintiff's complaint with prejudice.  An appropriate Order accompanies this Opinion.


/s/ JOEL A. PISANO
United States District Judge


Dated: September 30, 2010